# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC LOMONT MCPHERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-155 |
| | ) | CR412-074 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Eric Lomont McPherson moves under 28 U.S.C. § 2255 to vacate and correct his guilty-plea-based sentence for violating 21 U.S.C. 841(a)(1) (Distribution of a quantity of cocaine base). CR608-012 doc. 56; see also doc. 57 (supporting brief); doc 47 (judgment). The Court preliminarily reviews it under Rule 4 of the Rules Governing Section 2255 Proceedings.

His 2012 plea agreement, accepted by this Court, waived his right to direct appeal for any reason beyond two grounds not applicable here. Doc. 48 at 7-8. Unsurprisingly, McPherson took no appeal from the October 31, 2012 judgment against him. Doc. 47. That judgment imposed a 160-month sentence that McPherson says was enhanced by

two prior felonies[1] as threaded through U.S.S.C. § 4B1.1. Doc. 260; Presentence Investigation Report (PSR) at 6 (citing "at least two prior felony convictions of either a crime or violence or a controlled substance offence; therefore, the defendant is a career offender") (citing U.S.S.G. § 4B1.1).

McPherson's § 2255 motion is thus time barred by 28 U.S.C. § 2255(f) (he had one year from his conviction's finalization[2] to file for § 2255 relief) unless he can exploit a § 2255(f) exception.[3] He argues that

---

[1] There is no sentencing transcript to confirm the two-felony enhancement, and the judgment does not expressly say so (this is a regrettable systemic flaw that probation officers, and then judges, can easily remedy via clarifying specifications). But McPherson says so, doc. 57 at 1-2, and that comports with the PSR's recommendation. For the purpose of this Report and Recommendation, the Court will accept Jackson's enhancement assertion as true.

[2] Because he never appealed, McPherson's conviction became final on November 14, 2012. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). He thus had until November 14, 2013 to file his § 2255 motion. He signed the instant § 2255 motion on June 15, 2016. Doc. 56 at 12.

[3] 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

*Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates at least one of the predicate offenses (felony obstruction) for the U.S.S.C. § 4B1.1 enhancement, so he no longer qualifies as a career offender. Doc. 47 at 4-5 (contending "that the Court or [PSR] failed to identify which prior predicate convictions were used to career him [sic] pursuant to 4B1.1(a) enhancement provision."). He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review). *See* doc. 57 at 5-6 ("Petitioner McPherson contends that the prior predicates listed in his [PSR] . . . increased his sentence based on . . . two prior convictions under the residual clause [and that this] is unconstitutional in light of *Johnson v. United States*. . . .").

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1)

---

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *Johnson,* 135 S. Ct. at 2557.[4]

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2); *see also In re McCall,* ___ F.3d ___, 2016 WL 3382006 at * 1 (11th Cir. June 17, 2016) (concurrence noting that, "though no court of appeals has decided whether *Johnson* applies retroactively to either mandatory or advisory § 4B1.2(a)(2) sentences, at least eight have 'certified' 'a prima facie

---

[4] Note that, while the ACCA and *Johnson* speak of three prior felonies, only two are needed for such enhancement under the U.S.S.G. *See United States v. Edeker,* 2007 WL 2572316 at * 3 (N.D. Fla. Sept. 25, 2007) ("The two [enhancement] provisions [set forth in the ACCA and the U.S.S.G.] further differ in that enhancement under § 4B1.1 requires only two prior convictions, while enhancement under the ACCA requires three. A defendant who is subject to an enhancement under § 924(e) is defined and sentenced as an armed career criminal under § 4B1.4 of the Sentencing Guidelines, which is separate from the provisions of § 4B1.1. Additionally, application note 1 to § 4B1.4 clearly states that the definition of the term "violent felony" is not the same in § 924(e) as it is in Guidelines § 4B1.1.").

4

showing' that the Supreme Court "made [*Johnson*] retroactively applicable to [§ 4B1.2(a)(2)] cases on collateral review."). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) McPherson's felony obstruction conviction qualifies as a "crime of violence" under § 4B1.1's residual clause, his career offender enhancement is unconstitutional.

But *Johnson* does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
>
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.
>
> The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive

a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

'Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

Hence, McPherson cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final on November 14, 2013. And this Court cannot, as movant seems to argue, doc. 57 at 6-7, disregard *Matchett*, a

6

published (hence, binding precedent) decision. His § 2255 motion is thus time-barred.[5]

Accordingly, Eric Lomont McPherson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot. Finally, the Probation Department is **DIRECTED** to file the PSR under seal.

**SO REPORTED AND RECOMMENDED** this <u>28th</u> day of June, 2016.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] McPherson also fails to demonstrate (indeed, he never raises the issue) eligibility for equitable tolling of the limitations period. *See Lucas v. United States*, 522 F. App'x 556, 559 (11th Cir. 2013).